Citation Nr: 1806336 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 12-09 662 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for bilateral carpal tunnel syndrome. 

2. Entitlement to an increased rating in excess of 40 percent for degenerative disc disease of the lumbar spine (DDD). 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J.T.Stallings, Associate Counsel


INTRODUCTION

The Veteran had active service from July 1980 to July 1983. 

These matters come before the Board of Veterans Appeals (Board) from a November 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

The claim was remanded by the Board in August 2017 to give the Veteran an opportunity for a hearing before the Board. In December 2017, the Veteran was afforded a videoconference hearing before the undersigned Veterans Law Judge who is rending the determination for this claim.

The issue of entitlement to special monthly compensation for aid and attendance has been raised by the record at the Veteran's videoconference hearing on December 12, 2017, but has not been re-adjudicated by the Agency of Original Jurisdiction (AOJ) since the prior July 2016 denial. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure proper development regarding the Veteran's claim on appeal.

VA's duty to assist includes obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim. 38 U.S.C. § 5103A(d) (2012). 

During the Veteran's December 2017 videoconference hearing she mentioned that although her carpal tunnel was not diagnosed until after service, the symptoms began during her military service, particularly due to her service as a clerk typist. During the Veteran's October 2009 VA examination, a secondary opinion was provided that the Veteran's carpal tunnel was not secondary to her DDD, however no opinion was provided as to if the Veteran's carpal tunnel disability was directly connected to her military service. Accordingly, a remand is warranted to allow for the examiner to provide an opinion. 

In regard to the Veteran's claim for an increased rating for her DDD disability, during the Veteran's March 2016 VA examination for her spine disability, the examiner marked that the Veteran did not have symptomology of ankylosis of the spine. However, on the same examination report the examiner also reported that an additional contributing factor that the Veteran was experiencing with her disability was less movement than normal due to ankylosis, amongst other symptoms. The Board needs clarity on this opinion and whether or not the Veteran has any type of ankylosis of the spine prior to making a decision on this claim. Additionally, the Veteran testified at the December 2017 hearing that she believed she had unfavorable ankylosis of the thoracolumbar spine. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination, including any and all testing and imagery deemed necessary by the examiner, to provide a complete disability picture of the Veteran's service-connected DDD disability. The claims file in its entirety must be made available to and be reviewed by the examiner. 

The examiner is asked to provide the following opinions, including a complete and thorough rationale, with reference to relevant evidence of record as appropriate, for any and all conclusions reached. 

Is it at least as likely as not (a 50 percent probability or greater) that the Veteran has unfavorable ankylosis of the thoracolumbar spine? 

The examiner is informed that the Board is aware that the Veteran uses a wheelchair and therefore it may be difficult to assess whether she has unfavorable ankylosis. The Board requests that you provide your best estimate based on your own observation and medical principles.

2. Provide the claim's file to an examiner with the expertise necessary to determine the nature and etiology of the Veteran's diagnosed bilateral carpal tunnel disability. The claims folder must be made available to and be reviewed by the examiner. Any tests deemed necessary should be conducted.

Following a review of the claims file, to include service and post-service medical records, and the examination results, the examiner is requested to respond to the following questions:

Is it at least as likely as not (a 50 percent probability or greater) that the Veteran's bilateral carpal tunnel disability had its onset in service or is otherwise related to service, which period of service was from July 1980 to July 1983?

3. Following the above development, readjudicate the Veteran's claims on appeal. If any of the benefits sought remain denied, provide the Veteran with a supplemental statement of the case.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
A. P. SIMPSON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).